# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* G.C.

**No. 17-0817** (Raleigh County 14-JA-145)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.D., by counsel Joseph Mosko and Sarah Smith, guardian ad litem for petitioner, appeal the Circuit Court of Raleigh County's August 14, 2017, order terminating his parental rights to G.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem for the child ("guardian"), Steven K. Mancini, filed a response on behalf of the child suggesting that a custodial or permanent guardianship was in the child's interest so that a parental bond could be maintained. Respondent Intervenors, M.W. and R.W., the child's foster parents, by counsel Kyle G. Lusk, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights to G.C. on the basis of his incarceration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2014, the DHHR filed a petition against the parents alleging that the mother abused controlled substances and failed to provide adequate supervision for the child. The petition further alleged that petitioner abandoned the child by virtue of his incarceration on charges of first-degree murder in October of 2013.[2] Petitioner waived his preliminary hearing and made a motion for paternity testing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner remained incarcerated during the entirety of these proceedings.

Following paternity testing, the DHHR filed an amended petition naming petitioner as the biological father and alleging that he has been incarcerated since October 2013, had not provided any financial support for, or had any meaningful contact with, the child since that time, and had abandoned the child.

Petitioner stipulated to neglect based on his failure to provide support to the child. At the adjudication hearing in September of 2015, petitioner proffered that he may soon obtain release from incarceration on bond. The circuit court deferred any motions for an improvement period until petitioner obtained release from his incarceration. The case was continued multiple times while the circuit court waited for a change in petitioner's circumstances. In the meantime, G.C. was placed with his current foster family, the respondent intervenors, while the circuit court continued the matter.

In August of 2016, petitioner moved for a post-adjudicatory improvement period and the motion was granted. The circuit court noted in its August 29, 2016, order that it could no longer delay G.C's permanency.

The circuit court held a final dispositional hearing in August 2017. Petitioner was still incarcerated and, according to the parties, had pled guilty to first-degree murder. Petitioner would not have the possibility of parole for at least fifteen years. At that point, the child had been in DHHR's custody for thirty-three months and petitioner had neither signed a family case plan nor participated in services. Following this hearing, the circuit court terminated petitioner's parental rights by order entered August 14, 2017. [3] Petitioner appeals from that dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]In addition to termination of petitioner's parental rights, the child's mother's parental rights were terminated. According to the DHHR and the guardian, the child is currently placed in a foster home. The permanency plan is adoption in that home.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court abused its discretion by terminating his parental rights on the sole basis of his incarceration. Specifically, petitioner highlights that the circuit court did not terminate his parental rights until after he was convicted of murder and sentenced to incarceration for life with mercy. Petitioner relies on *Cecil T.* and asserts that the circuit court failed to evaluate whether termination of parental rights was in the best interest of the child.

> "When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity."

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 3.

Based on a review of the record, we find no abuse of discretion in the circuit court's decision to terminate petitioner's parental rights. "[T]his Court has never held that incarceration can not be the sole basis for terminating parental rights[,]" but a circuit court must consider whether or not termination is in the best interest of the child in light of the circumstances and other relevant factors. *Id*, 228 W.Va. at 96, 717 S.E.2d at 880. It is clear from the record that the circuit court considered the circumstances of petitioner's incarceration and that its decision is in the best interest of G.C. Prior to the final dispositional hearing, the circuit court granted petitioner multiple continuances to give him an opportunity to participate in an improvement period. Both petitioner and the guardian noted that petitioner's guilty plea was relayed to the circuit court before the final disposition. Further, the circuit court knew the nature of petitioner's offense was a violent crime and that petitioner had recently accepted responsibility for that crime. The circuit court also was aware that the length of petitioner's incarceration would have been, at a minimum, until G.C. reached the age of adulthood.

While petitioner and the child's guardian argue that petitioner and the child shared a bond that should be preserved, the record does not support this assertion. Petitioner admits that the record is devoid of evidence establishing such a bond, while the guardian fails to show how, even if such a bond were assumed, its preservation would better serve the child's best interest than adoption. We have previously held that the circuit court shall give adoptive homes priority when permanent placement is considered, unless there is a showing that an adoptive home would not meet the needs of the child. *See* Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Placing a child in a temporary placement that will last past the age of maturity goes against this previous holding and would be against the best interest of G.C. A less-restrictive

alternative other than termination would upend this child's sense of security and stability in her foster home of the last thirty-three months.

Further, when the circuit court granted an improvement period, petitioner did not participate in services and the circuit court correctly found no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected. Petitioner could not provide any support or have meaningful contact with G.C. while incarcerated, nor does petitioner point to a place in the record where he sought contact with G.C. prior to termination of his parental rights. The circuit court attempted to accommodate petitioner with multiple continuances, for more than thirty-three months, to obtain his release and participate in an improvement period. Petitioner made no change to his circumstances. Therefore, we find no abuse of discretion in the circuit court's termination of petitioner's parental rights.

In support of petitioner's appeal, the child's guardian argues that the circuit court erroneously accepted petitioner's stipulation to neglect and not abandonment, as alleged in the amended petition. We disagree. The petition alleged that petitioner had "not provided his child, [G.C.] any means of support or had any meaningful contact." This allegation fits our definition of a neglected child – one "whose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter . . . ." – under West Virginia Code § 49-1-201. Therefore, we find that the circuit court did not err in accepting this stipulation and in adjudicating petitioner as an abusing parent.

Further, the child's guardian asserts that the circuit court erred in terminating petitioner's parental rights without a family case plan being filed. Although the guardian asserts that the DHHR never prepared a case plan, the record is devoid of any mention that the case plan was never completed. On the contrary, the DHHR refers to the case plan in a court summary and notes that it had not been signed by petitioner due to his incarceration. "The purpose of the family case plan as set out in W.Va. Code § 49-6D-3(a) [now West Virginia Code § 49-4-408] is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be use in resolving or lessening these problems." Syl. Pt. 3, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001). Further, when it appears that the process for the disposition of abuse and neglect proceedings has been substantially disregarded or frustrated, the resulting order will be vacated. Syl. Pt. 3, *In re M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015).

Petitioner knew he needed to provide support for G.C., he knew that the circuit court found he was an abusing parent from his failure to provide support or have meaningful contact, and he knew he could not provide for C.G. while incarcerated. Petitioner was not prejudiced by the absence of a longer list of required steps to resolve his parenting issues because he could not satisfy the first and most obvious step, provide support and meaningful contact to his daughter. As it is clear that petitioner was aware of the largest deficiency in his parenting and took no action to remedy that deficiency, we do not find a substantial disregard or frustration of the rules of procedure caused by the alleged lack of a family case plan. Therefore, we do not find the circuit court erred in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 14, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 23, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker